FILED
NOV 02 2020
[Clerk signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| KATHY L. KOECK, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY; <br><br> Defendant. | 1:19-CV-01011-CBK <br><br> ORDER FOR FURTHER BRIEFING |

This matter is before the Court on plaintiff Kathy L. Koeck's appeal from the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), Doc. 1 and 10.

Section 405(g) grants federal district courts subject matter jurisdiction over appeals from decisions of the Commissioner of Social Security.

> Any individual, after any **final** decision of the Commissioner of Social Security after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). "This provision, the Court has explained, contains two separate elements: first, a "jurisdictional" requirement that claims be presented to the agency, and second, a "waivable ... requirement that the administrative remedies prescribed by the Secretary be exhausted." Smith v. Berryhill, 139 S. Ct. 1765, 1773 (2019), citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976).

It appears from the administrative record that plaintiff failed to appeal the adverse decision of the administrative law judge ("ALJ"), dated February 13, 2019, to the Social Security Administration's Appeals Council. That would mean that plaintiff has failed to exhaust her administrative remedies, which would deprive this Court of its subject matter

jurisdiction.[1] Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss a case for lack of subject matter jurisdiction upon becoming aware of its absence. As Rule 12 states, this is true even when the issue has not been raised by either party to the case. Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As the Supreme Court stated in Smith, however, the requirement of exhaustion is waivable upon a showing of good cause. See also Sipp v. Astrue, 641 F.3d 975, 980 (8th Cir. 2011) ("The administrative exhaustion requirement can however be excused, either by consent of the commissioner or in exceptional circumstances by the court.").

Because the issue of exhaustion of administrative remedies was not addressed by either party, this Court will request further briefing by both parties on that issue. Specifically, the parties should address whether or not plaintiff exhausted her administrative remedies before filing this action, and if not, whether the requirement of exhaustion should be waived in this case.

IT IS HEREBY ORDERED that the parties shall file simultaneous briefs on the issue of exhaustion of administrative remedies on or before December 2, 2020.

DATED this 2nd day of November, 2020.

BY THE COURT:

*(signature)*

CHARLES B. KORNMANN
United States District Judge

---

[1] The Supreme Court has held that before a claimant may seek federal judicial review, she must exhaust her administrative remedies by pursuing her claim through the "three-stage administrative review process:" (1) reconsideration; (2) a hearing before an ALJ; and (3) a review of that hearing by the Appeals Council. Bowen v. Yuckert, 482 U.S. 137, 142 (1987).

2